**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| David Smith, | ) | Civil Action Number: _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Cypress River Plantation Property Owners' | ) | |
| Association, Inc., aka Cypress River | ) | |
| Plantation Homeowners Association, Inc., | ) | |
| and Todd Cappallino, John Bondi, | ) | |
| Tom Pitoscia, Ryan Stampfle, | ) | |
| Sal Dispenziere, Blanka McClammer, | ) | |
| Current Board of Directors Individuals, and | ) | |
| Waccamaw Management, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL**

The United States of America, by and through the undersigned counsel and the United States Attorney for the District of South Carolina, and on behalf of the U.S. Army Corps of Engineers ("USACE") and Erica Stone, in her official capacity as Northeast Branch Chief of the USACE, Charleston District Regulatory Division,[1] by and through their counsel, files this Notice of Removal of the Subpoena and Second Amended Notice of 30(b)(6) Deposition, as well as the Subpoena and Amended Notice of Deposition issued to Ms. Stone by Defendants' counsel, in the

---

[1] "[T]he nature of [a] subpoena proceeding against a federal employee to compel [her] to testify about information obtained in [her] official capacity is inherently that of an action against the United States because such a proceeding 'interfere[s] with the public administration' and compels the federal agency to act in a manner different from that in which the agency would ordinarily choose to exercise its public function." *Boron Oil Co. v. Downie*, 873 F.2d 67, 70–71 (4th Cir. 1989) (quoting *Dugan v. Rank*, 372 U.S. 609, 620 (1963)). And because "an action seeking specific relief against a federal official, acting within the scope of [her] delegated authority, is an action against the United States, subject to the governmental privilege of sovereign immunity," *Smith v. Cromer*, 159 F.3d 875, 879 (4th Cir. 1989), this action should be directed solely against the USACE, as an executive branch agency within the Department of the Army.

South Carolina Court of Common Pleas, Fifteenth Judicial Circuit, in the County of Horry.

**<u>Relevant Factual and Procedural Background</u>**

<u>Rule 30(b)(6) Subpoena Issued to USACE</u>

1. Defendants' counsel in the underlying state court action has issued a Subpoena and Second Amended Notice of 30(b)(6) Deposition (the "Rule 30(b)(6) Subpoena") to the USACE in *Smith v. Cypress River Plantation Prop. Owners' Assoc., Inc., et al.*, No. 2023-CP-26-03615 (Conway, S.C., Ct. Common Pleas), which is currently pending in the South Carolina Court of Common Pleas, Fifteenth Judicial Circuit, in the County of Horry. *See* Ex. 1.

2. Upon information and belief, the underlying state court action generally involves a dispute over fines issued by Defendants to Plaintiff, David Smith, regarding Mr. Smith's removal of trees from the wetlands and/or wetlands buffer area located on lot 509 (PIN: 450-06-01-0010) within Cypress River Plantation (380 Chamberlin Road, Myrtle Beach, SC). *See* Ex. 1, at 5 (Ex. A to 30(b)(6) Notice); *see also* Ex. 2 (state court complaint).

3. Notably, Defendants have alleged in the above-referenced state court case that "Cypress River HOA's governing documents do *not* defer to the U.S. Army Corps of Engineers regarding a homeowner's work within the wetlands area on his property but are controlling and more restrictive as well as requiring ARB board's approval before any tree is removed." Ex. 3, ¶ 117 (emphasis added).

4. The USACE is not a party to the above-referenced state court case.

5. On February 26, 2026, Defendants served the USACE with the Rule 30(b)(6) Subpoena under South Carolina Rule of Civil Procedure 30(b)(6). Ex. 1. The Rule 30(b)(6) Subpoena seeks a USACE designee to testify on March 25, 2026, regarding, *inter alia*, "the Army

Corps' policy or practices with respect to addressing . . . requests for the removal of trees from the wetlands or wetlands buffer and the investigation of same, if any." *Id*. at 5.

6.     By letter dated March 9, 2026, the USACE formally objected to the Rule 30(b)(6) Subpoena. *See* Ex. 4. The USACE response informed Defendants that the request failed to satisfy the mandatory Department of Defense and Army *Touhy* regulations governing the release of official information, 32 C.F.R. Parts 97 & 516, and thus, remained substantively objectionable and improper and sought information protected from disclosure under federal law and regulations. *Id*. at 1–2. The USACE specifically noted in its substantive objections that the requested deposition topics risked eliciting impermissible expert or opinion testimony and threatened to interfere with federal enforcement matters. *Id*. at 1–2, 4–5. Finally, the USACE response notified Defendants' counsel that the USACE formally declined to produce a Rule 30(b)(6) witness and requested for Defendants' counsel to withdraw the Rule 30(b)(6) Subpoena. *Id*. at 2.

7.     Defendants' counsel has declined to withdraw the Rule 30(b)(6) Subpoena. *See* Ex. 5.

<u>Subpoena Issued to Erica Stone, Northeast Branch Chief</u>

8.     Defendants' counsel in the underlying state court action has also issued a Subpoena and Amended Notice of Deposition (the "Subpoena") to Erica Stone, a civilian employee who serves as the Northeast Branch Chief of the USACE, Charleston District Regulatory Division.

9.     Ms. Stone is not a party to the above referenced state court case.

10.     On February 26, 2026, Defendants served the USACE with Ms. Stone's Subpoena, scheduling an oral deposition for March 25, 2026. Ex. 6. Upon information and belief, the Subpoena seeks testimony regarding federal enforcement matters that are directly related to information acquired in the performance of Ms. Stone's official federal duties. *Id.* at 3–4.

3

11.    By letter dated March 9, 2026, the USACE formally objected to the Subpoena. *See* Ex. 7. The USACE response informed Defendants that the request was procedurally defective as it failed to comply with the Department of Defense and Army Regulations governing the release of official information (commonly known as *Touhy* regulations, 32 C.F.R. Parts 97 and 516). *Id.* at 1. The USACE further objected on substantive grounds that the testimony risked eliciting impermissible expert or opinion testimony and threatened to interfere with federal enforcement matters. *Id.* at 1–2. Finally, the USACE response notified Defendants' counsel that the USACE formally declined to authorize Ms. Stone's testimony and requested for Defendants' counsel to withdraw the Subpoena. *Id.* at 2.

12.    Defendants' counsel has declined to withdraw the Subpoena. *See* Ex. 5.

### **Grounds for Removal**

13.    The proceedings associated with the Rule 30(b)(6) Subpoena issued to the USACE should be removed to this Court pursuant to 28 U.S.C. § 1442(a)(1).

14.    The proceedings associated with the Subpoena issued to Ms. Stone should also be removed to this Court pursuant to 28 U.S.C. § 1442(a)(1).

15.    Section 1442(a)(1) provides for the removal of a civil action or proceeding commenced in a state court that is against or directed to "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official capacity, for or relating to any act under color of such office . . ." The subpoenas are directed to the USACE, an agency of the United States, and a USACE employee, for testimony relating to investigatory acts and information acquired under the color of federal office.

16.    The issuance of a state court subpoena to a federal agency or official is sufficient to trigger removal jurisdiction. *See Maryland v. Smith*, 766 F.Supp.3d 498, 507 (D. Md. 2025)

4

(recognizing that courts have "upheld removal following issuance of a subpoena, whether or not a motion to enforce the subpoena has been filed.") (quoting *Johnson v. Social Security Admin.*, No. 2:18mc5, 2018 WL 4677829, at *4 (E.D. Va. June 8, 2018)).  Notably, the District of Columbia Circuit Court has stated:

> Once the subpoena is issued, a clash between state power and the federal official appears to be naturally inevitable . . . We think, therefore, that the officer's "act," declining to comply with the subpoena, can be presumed to occur simultaneously with the removal petition. We do not believe Congress used the terms "civil action," "against," or "act" in the limited fashion that appellant urges, but rather meant to refer to any proceeding in which state judicial civil power was involved against a federal official.

*Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 415 (D.C. Cir. 1995).[2]

17.    Furthermore, under the doctrine of sovereign immunity, a state court lacks jurisdiction to compel a federal employee to testify (or otherwise require a federal agency to designate a witness, testify, or produce records) contrary to agency instructions. *Smith v. Comer*, 159 F.3d 875, 879 (4th Cir. 1998) ("Where an agency has not waived its immunity to suit, the state court (and the federal court on removal) lacks jurisdiction to proceed against a federal employee acting pursuant to agency direction.") (citing *Boron Oil Co. v. Downie*, 873 F.2d 67, 69 (4th Cir. 1989)); *see also Kasi v. Angelone*, 300 F.3d 487, 503–04 (4th Cir. 2002) (same).  The Fourth Circuit has explained that these decisions reflect two core principles of federal supremacy: (1) by

---

[2] District courts have routinely upheld removal following the issuance of a subpoena, regardless of whether a motion to enforce the subpoena has been filed. *See Stauffer v. Miller*, No. MC14MC454-ABJ-AK, 2014 WL 12539886, at *3 (D.D.C. July 16, 2014) (holding removal of subpoena *duces tecum* was proper where they were "directed to an officer of the agency who, at the time of the underlying events, was acting under color of her office"); *Davis v. U.S. Aircraft Ins. Grp.*, No. CIV.A. 08-0032, 2008 WL 108305, at *2 (E.D. La. Jan. 9, 2008) (permitting removal after service of subpoena on federal agents); *Washington Consulting Grp. v. Monroe*, No. 00MS141 HHK/JMF, 2000 WL 1195290, at *2 (D.D.C. July 24, 2000) (holding removal of a motion to enforce a state court subpoena against a federal agency was proper); *Ferrell v. Yarberry*, 848 F. Supp. 121, 122-23 (E.D. Ark. 1994) (holding that removal is proper when plaintiff seeks to subpoena testimony of federal officials, because the risk that an officer might be held in contempt for not testifying is enough to qualify case for removal under the federal officer statute).

applying the doctrine of sovereign immunity to preclude state courts, or a federal court on removal, from reviewing federal agency action; and (2) by giving recognition to the principle that valid federal regulations have the force and effect of federal law, which state courts are bound to follow. *Smith*, 159 F.3d at 880.

WHEREFORE, the above referenced state court subpoena proceedings are properly removed to this Court pursuant to 28 U.S.C. § 1442(a)(1).

Pursuant to 28 U.S.C. § 1446(d), a copy of this notice is being mailed via certified mail, return receipt requested, this day to the Clerk of the South Carolina Court of Common Pleas, Fifteenth Judicial Circuit, in the County of Horry.

Respectfully submitted,

BRYAN P. STIRLING
UNITED STATES ATTORNEY

By:   s/*Beth C. Warren*
BETH C. WARREN (#11360)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, SC 29201
Phone: (803) 929-3037
E-Mail:  beth.c.warren@usdoj.gov

6